## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **TONY ANTHONY FAIR, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **VS.** | : | **NO. 5:21-CV-00243-TES-CHW** |
| | : | |
| **NURSE WHITE,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

## ORDER

*Pro se* Plaintiff Tony Anthony Fair, Jr., an inmate who is currently incarcerated at the Dooly County Justice Center in Pinehurst, Georgia, has filed a Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff also seeks leave to proceed *in forma pauperis*. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**, but Plaintiff will be required to pay an initial partial filing fee and recast his claims on the Court's standard form if he wishes to proceed with this action.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Plaintiff's submissions demonstrate that although he is unable to pre-pay the entire filing fee at this time, he should be able to pre-pay at least a portion of that fee. Plaintiff's prison trust fund account certification shows that he has had an average monthly deposit of $275.15 over the last six months and that he receives deposits regularly. *See generally* Attach. 1 to Mot. Proceed IFP, ECF No. 2-1. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**, but

pursuant to 28 U.S.C. § 1915(b)(1)(B), it is **ORDERED** that Plaintiff pay an initial partial filing fee of $55.03, which is twenty percent of $275.15. Plaintiff is also required to pay the remaining $294.97 of the filing fee under the payment plan set forth in 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of this case. Plaintiff is thus responsible for paying the entire fee even if his case is dismissed prior to service, as discussed in further detail below.

Plaintiff has **TWENTY-ONE (21) DAYS** from the date shown on this Order to pay a partial filing fee of $55.03. If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis* explaining such change in circumstances and an updated prison trust fund account statement within **TWENTY-ONE (21) DAYS** of the date of this Order. It is requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

I.     Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee

2

is paid in full, provided the amount in the account exceeds $10.00.  It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.     <u>Plaintiff's Obligations on Release</u>

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  In the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  Collection from Plaintiff of any balance due on these payments by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make such payments and fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**ORDER TO RECAST**

Plaintiff's claims arise from his treatment in the Dooly County Justice Center. Compl. 4, ECF No. 1.  Plaintiff complains about several seemingly unrelated events in his Complaint, however.  For example, Plaintiff contends that one Defendant failed to provide him with a bond hearing, and other Defendants failed to provide him with adequate medical treatment for his asthma, COVID-19, and an injured right hand.  *See id.*

A plaintiff may set forth only related claims in a single lawsuit.  A plaintiff may not join unrelated claims and various defendants in his complaint unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20 (emphasis added).  "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Construction Aggregates, Ltd. v. Forest Commodities Corp.,* 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).  In this case, it is unclear from Plaintiff's submissions how each of the three sets of claims he has asserted are logically related to one another.

Plaintiff is accordingly **ORDERED** to recast his Complaint so that he is raising only related claims.  The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit.  Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action.  Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights.  Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legal terminology.  If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed.  Likewise, if Plaintiff makes no allegations in the body of his recast complaint against a named defendant, that defendant will be dismissed.

Plaintiff is cautioned that the opportunity to recast is not an invitation for him to include every imaginable claim that he may have against any state official.  Plaintiff will

4

not be permitted join claims against multiple defendants in one action unless Plaintiff can establish a logical relationship between the claims, as required by Rule 20.

**The recast complaint will supersede (take the place of) the original Complaint in this case** (ECF No. 1).  The Court will not look back to the factual allegations in the original Complaint to determine whether Plaintiff has stated a cognizable constitutional claim in this case.  The Clerk is **DIRECTED** to forward a copy of the standard § 1983 form marked with the case number of the above-captioned action to the Plaintiff that Plaintiff should use to recast his Complaint.  Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to submit his recast complaint on this form.  The Clerk is also **DIRECTED** to send Plaintiff a blank copy of the § 1983 form that Plaintiff may use to file a complaint about any claims that are unrelated to the subject of his recast complaint.

## CONCLUSION

Based on the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED,** and Plaintiff is **ORDERED** to pay an initial partial filing fee of $55.03. While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is his responsibility to pay the initial partial filing fee.  Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this order.  Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date shown on this order to pay the required initial partial filing fee to the Clerk of the Court or file a renewed motion for leave to proceed *in*

*forma pauperis*.  Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

Plaintiff is also **ORDERED** to recast his Complaint on the Court's standard form within **TWENTY-ONE (21) DAYS** of the date of this Order.  Plaintiff's recast complaint should contain only claims that are logically related to one another.  Plaintiff is further **DIRECTED** to notify the Court of any change of address.  **Plaintiff's failure to fully and timely comply with this Order may result in the dismissal of this action.**  There shall be no service of process in this case until further order of the Court.

**SO ORDERED**, this 18th day of October, 2021.


s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge