IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TONY ANTHONY FAIR, JR., | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:21-CV-00243-TES-CHW |
| NURSE WHITE, *et al.*, | : | |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Tony Anthony Fair, Jr., an inmate who is currently incarcerated at the Dooly County Justice Center in Pinehurst, Georgia, has filed a Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). On October 18, 2021, the Court granted Plaintiff's motion to proceed *in forma pauperis* in this action and ordered Plaintiff to pay an initial partial filing fee of $55.03 and recast his claims on the Court's standard form if he intended to proceed with this action. Plaintiff was further instructed to submit a renewed motion for leave to proceed *in forma pauperis* if he could not pay the initial partial filing fee as ordered. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, Oct. 18, 2021, ECF No. 5.

The time for compliance has now passed, and while Plaintiff did submit a recast complaint (ECF No. 6), he has not paid the initial partial filing fee as ordered or filed a renewed motion for leave to proceed *in forma pauperis* explaining why he cannot now pay that fee. The failure to comply with the orders and instructions of the Court is grounds for

dismissal. As such, Plaintiff is now **ORDERED** to **RESPOND** and **SHOW CAUSE** why this action should not be dismissed for his failure to fully and timely comply with the Court's orders and instructions. Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to respond.

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 7). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

To reiterate, Plaintiff's motion for counsel (ECF No. 7) is **DENIED**, and Plaintiff shall have **TWENTY-ONE (21) DAYS** to respond and show cause why this action should not be dismissed for failing to fully and timely comply with the Court's orders and instructions. **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 6th day of December, 2021.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge